# PAUL E. SKJERSETH v. WOODWORTH ELEVATOR COMPANY.

### (160 N. W. 70.)

**Conversion — tenant — directing his farm hand to deliver grain — certain elevator — grain hauled to different town — sold to different elevator company — proceeds — kept by man — demand for grain — value of grain at time of demand — verdict — directed for defendant — not error.**

Where plaintiff's tenant directed a farm laborer to take his grain to an elevator at Courtenay, to be there left so that it could be divided between plaintiff and his tenant, but instead of doing so the laborer took it to an elevator at Kensal and there sold it and failed to account for the proceeds, an action of conversion will not lie against the latter elevator without proof of a demand for the grain; and where a demand is alleged in the complaint to have been made on the 26th day of May, 1914, and is not proved, but is merely a conversation and inquiry as to the transaction on the 29th day of November, 1913, and there is no proof of the value of the grain on the said 26th day of May, 1914, but merely of its value on the 28th day of November, 1913, it is not error for the trial court to direct a verdict for the defendant.

Opinion filed November 4, 1916.

Action for the conversion of grain.

Appeal from the District Court of Stutsman County, *J. A. Coffey, J.*
Judgment for the defendant. Plaintiff appeals.
Affirmed.

---

Note.—On conversion of personal property sufficient to constitute trover, see note in 24 Am. St. Rep. 797, discussing the conversion by vendee of property sold without authority, and stating the rule to be that when a sale is made under such circumstances that the seller is guilty of a conversion in making it, the vendee is also guilty of a conversion, if he takes possession of the property pursuant to the same and exercises any dominion over it.

*W. H. Padden (George W. Thorpe* and *Russel D. Chase,* of counsel), for appellant.

A warehouse receipt, aside from being an ordinary receipt which is always subject to explanation, is a contract between the warehouseman and the party who delivers the grain, and to whom the receipt is issued. 3 Jones, Ev. § 493.

*Lee Combs* and *L. S. B. Ritchie,* for respondent.

There was no foundation laid for evidence on the part of defendant's local agent, as a "managing agent," as defined and understood to be, under the statute. Brown v. Chicago, M. & St. P. R. Co. 12 N. D. 61, 102 Am. St. Rep. 564, 95 N. W. 153, 14 Am. Neg. Rep. 169; Short v. Northern P. Elevator Co. 1 N. D. 159, 45 N. W. 706; Balding v. Andrews, 12 N. D. 267, 96 N. W. 305, 14 Am. Neg. Rep. 615.

·. A demand upon the elevator company for the grain in question was indispensable, and substantial proof of the market value of the grain at that time, the date of the demand, is also necessary. Courts do not take judicial notice of the value of grain on any date. Citizens Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266; Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608.

: There is no conversion until after a demand and refusal to deliver. Ibid.

Bruce, J. This is an action for the alleged conversion of grain, and the appeal is taken by the plaintiff from a judgment rendered against him on a directed verdict.

The complaint alleges that on the 28th day of November, 1913, the plaintiff Skjerseth was the owner of and in the possession of 121 bushels of wheat, the market value of which on said day was $86.40; that on said day one Frank Pop wrongfully took said wheat from the possession of the plaintiff and wrongfully and unjustly detained the same; "that thereafter the same came into the possession of the defendant, who refused to deliver them to the plaintiff, although before this action, to, wit, on the 26th day of May, 1914, the plaintiff duly demanded of the defendant the possession of the same; that the defendant still unlawfully withholds and detains the said goods and chattels from the possession of the plaintiff to his damage in the sum of $86.40, with interest thereon

at 7 per cent per annum from the 28th day of November, 1913." A judgment for said amount is then prayed for.

Several assignments of error are presented and argued by counsel for appellant, but all of them may be conceded and yet the judgment must be sustained.

In any view of the case, indeed, the plaintiff utterly failed in his proof, and the trial court was justified in directing a verdict against him.

It is not claimed or pretended that when the agent of the company obtained possession of the grain on November 28, 1913 (if in fact he ever did), that he did so maliciously or with any specific intention to deprive the plaintiff of it. All that is contended, indeed, is that plaintiff's tenant, Korsell, directed a farm laborer, Pop, to take the grain to the Woodworth elevator at Courtenay, the lease providing that it should be there delivered and divided between the landlord and tenant, but that instead of doing this Pop took it to the defendant's (the Woodworth) elevator at Kensal and there sold it.

There is no proof of any demand for a return of the grain, but merely a conversation in relation thereto, and an attempt to trace it, and this on or about the 29th day of November, 1913.

The complaint alleges a demand on the 26th day of May, 1914, and no such demand is proved. Even if proved, then the conversation would take place and the damages would be based on the market value of the grain on that day or the highest value between that date and the verdict. Comp. Laws 1913, § 7168. There is no proof whatever of this value; the value on November 28, 1913, alone being sought to be proved.

The case, indeed, is, as far as we can see, entirely controlled by the cases of Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608 and Citizens Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266, and First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436, and in deference to these decisions the judgment must be affirmed.

It is so ordered.